**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH WAREHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 13-cv-00188 |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | Magistrate Judge Cynthia Reed Eddy |
| CORRECTIONS; MR. JOSEPH | ) | |
| MAZURKIEWICZ, MRS. LORI | ) | |
| KWISNEK, DR. JOSEPH MOLLURA, | ) | |
| PRISON HEALTH SERVICES, | ) | |
| MRS. SUSAN BERRIER, MR. ERIC | ) | |
| ARMEL, DR. MICHAEL HERBIK, AND | ) | |
| DR. DENNIS J. PHILLIPS, individually | ) | |
| and in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge (ECF No. 47) recommending that the Motion to Dismiss filed by Dr. Joseph Mollura, Prison Health Services ("PHS"), and Dr. Michael Herbik (collectively referred to as the "Medical Defendants") (ECF No. 23)  be granted in part and denied in part.  Objections to the Report and Recommendation have been lodged by Plaintiff, Joseph Wareham, and Defendant PHS.  The matter is ripe for disposition.

### Background

The above captioned case was initiated by the filing of a motion to proceed *in forma pauperis* (ECF No. 1) on February 5, 2013, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and

the local rules of court.  The Complaint avers, *inter alia,* that the Medical Defendants failed to provide Plaintiff with appropriate medical treatment for pain associated with his pre-existing lower extremity problems and for injuries he sustained as a result of a fall during his incarceration at SCI-Greensburg.

On July 11, 2013, the Magistrate Judge filed a Report and Recommendation (ECF No. 47) recommending that the Motion to Dismiss filed by the Medical Defendants be granted in part and denied in part.  The Magistrate Judge recommended that the motion be granted as to all claims against Dr. Herbik and denied as to all claims against Dr. Mollura and PHS.  Objections to the Report and Recommendation were lodged by Plaintiff on July 26, 2013 (ECF No. 50) and by PHS on August 12, 2013 (ECF No. 55).  Plaintiff filed a Response to PHS' Objections on August 22, 2013 (ECF No. 57).

For the reasons that follow, the objections filed by Plaintiff and PHS will be overruled, the Report and Recommendation will be adopted, and the Motion to Dismiss will be granted in part and denied in part.

## Standard of Review

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see also Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir. 1987). This Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

**Discussion**

1.    Plaintiff's Objection (ECF No. 50)

Plaintiff objects to the recommendation that the motion to dismiss be granted as to all claims against Defendant Dr. Herbik.   He again argues that Dr. Herbik violated his Eighth Amendment rights when he (i) refused to send Plaintiff for a second opinion and (ii) refused to renew Plaintiff's "prescription" for a double mattress.

With respect to Plaintiff's first contention, as the Magistrate Judge explained, the United States Court of Appeals for the Third Circuit has held that "no [Eighth Amendment] claim is stated when a doctor disagrees with the professional judgment of another doctor." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Baez v. Falor*, 2012 WL 4356768 at *47 (W.D. Pa. Sept. 24, 2012).  *See also Owens v. Ayalew*, No. 11cv2926, 2012 WL 3779174, at *5 (D. Md. Aug. 30, 2012) (prison doctor's disagreement with orthopedic surgeon's recommendation that inmate should see a neurosurgeon and be evaluated for possible cervical surgery did not demonstrate deliberate indifference).

Likewise, as to Plaintiff's second contention, that Dr. Herbik violated Plaintiff's constitutional rights when he refused to renew Plaintiff's prescription for a double mattress, again, the limited record before the Court reflects that Plaintiff was first given authorization for a double mattress on December 19, 2000.  On September 15, 2011, almost eleven (11) years later, Plaintiff was examined by Dr. Herbik upon his transfer to SCI-Fayette.  Dr. Herbik determined that Plaintiff no longer needed a double mattress.  Again, "disagreement of professional opinion

among doctors does not equal deliberate indifference." *DeFranco v. Wolfe*, 387 F. App'x 147, 158 (3d Cir. 2010).

Having reviewed Plaintiff's objections, the Court fails to find that the magistrate judge erred in recommending that the Motion to Dismiss should be granted as to all claims against Dr. Herbik.  Thus, the Court will overrule Plaintiff's objections.


2.    PHS' Objection (ECF No. 55) and Plaintiff's Response to PHS' Objection (ECF No. 57)

PHS objects to the recommendation that the motion to dismiss be denied as to Plaintiff's claims against PHS, arguing that Plaintiff's claims  against it are time-barred.  Due to the application of the prisoner mail box rule, Plaintiff's Complaint is deemed filed as of January 29, 2013, the date he delivered his IFP application to prison officials.  Therefore, as explained in the Report and Recommendation, only those claims that accrued prior to January 29, 2011 are barred by the applicable statute of limitations.  PHS argues that because the three referrals to the orthopedic surgeon occurred before January 29, 2011, Plaintiff's claims are barred[1] and PHS should be dismissed from this lawsuit. Plaintiff responds that he "had received nothing but stalling tactics from PHS for more than seven months leading up to February 2, 2011," the date he "is finally transported to the Allegheny General Hospital where he was examined by Dr. Edward Snell (Orthopedic)."  Pl's Resp. at 1, 2 (ECF No. 57).

The law is clear that if a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period.

---

[1]    The referrals were made on three separate occasions:  June 30, 2010; October 14, 2010;

4

*Brenner v. Local 514,* 927 F.2d 1283, 1295 (3d Cir.1991).  The Court finds that at this early stage of litigation, the contentions Plaintiff advances are sufficient to overcome the statute of limitations defense.  The Complaint avers that despite Plaintiff's ongoing pain and discomfort and despite receiving three (3) referrals by PHS' own physician (Dr. Mollura) for Plaintiff to be evaluated by an orthopedic surgeon, PHS "delayed treatment for non-medical reasons" until February 2, 2011.  In his Response, Plaintiff states that he "continuously asked every day, when he saw a medical department employee at the medical department or in passing around the SCI Greensburg compound, when he would be taken to see an orthopedic."  Resp. at 2.

Thus, viewing the Complaint in the light most favorable to Plaintiff, the Court concludes that Plaintiff's allegations are sufficient to establish the type of ongoing and continuing pattern needed for application of the continuing violation doctrine.

Having reviewed Defendant PHS' objection, the Court fails to find that the magistrate judge erred in recommending that the Motion to Dismiss be denied as to PHS.  Thus, the Court will overrule PHS' objections based on the statute of limitations.

### Conclusion

For the reasons stated above, the Objections filed by Plaintiff and PHS will be overruled, the Report and Recommendation will be adopted by the Court, and the Motion to Dismiss will be granted in part and denied in part.

---

and December 29, 2010.

**AND NOW,** this 27th day of August, 2013, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**IT IS ORDERED** that the Objections filed by Plaintiff and PHS are **OVERRULED** and the Report and Recommendation (ECF No. 47) is **ADOPTED** as the Opinion of the Court.

It is **FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 23) is granted in part and denied in part, as follows:

1.      The Motion to Dismiss is **GRANTED** as to all claims against Defendant Dr. Michael Herbik and Dr. Herbik is hereby **DISMISSED** from this lawsuit;

2.      The Motion to Dismiss is **DENIED** as to all claims against Defendants PHS and Dr. Joseph Mollura.

It is **FURTHER ORDERED** that Defendants Dr. Mollura and PHS shall file an Answer in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

                                   **SO ORDERED** this 27th day of August, 2013.

                                   s/Arthur J. Schwab
                                   Arthur J. Schwab
                                   United States District Judge


cc:     JOSEPH WAREHAM
        AF-5939
        SCI Fayette
        Box 9999
        LaBelle, PA 15450-0999

        Mary Lynch Friedline
        Office of Attorney General

6

Email: mfriedline@attorneygeneral.gov

J. Eric Barchiesi
Eisenberg & Torisky
Email: eric.barchiesi@aig.com

Christopher E. Ballod
Marshall Dennehey Warner Coleman & Goggin
Email: ceballod@mdwcg.com

Steven J. Forry
Marshall, Dennehey, Warner, Coleman & Goggin
Email: SJForry@mdwcg.com