# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WAREHAM, | ) |
| Plaintiff, | ) Civil Action No. 2: 13-cv-00188 |
| v. | ) District Judge Arthur J. Schwab |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS; MR. JOSEPH MAZURKIEWICZ, MRS. LORI KWISNEK, DR. JOSEPH MOLLURA, PRISON HEALTH SERVICES, MRS. SUSAN BERRIER, MR. ERIC ARMEL, AND DENNIS J. PHILLIPS, individually and in their official capacities, | ) Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully submitted that the Motion to Dismiss filed by Defendant Dennis J. Phillips, M.D., be granted (ECF No. 41) and Plaintiff's claim against Defendant Phillips be dismissed with prejudice.

### II.  REPORT

####   A.  Procedural History

Plaintiff, Joseph Wareham, is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). He currently is incarcerated at the State Correctional Institution at Fayette, Pennsylvania. Plaintiff commenced this civil action against the following Defendants: Pennsylvania Department of Corrections, Mr. Joseph Mazurkiewicz, Mrs. Lori Kwisnek, Mrs.

1

Susan Berrier, Mr. Eric Armel (hereinafter collectively referred to as the "DOC Defendants"), Dr. Joseph Mollura, Prison Health Services ("PHS"),[1] and Dr. Michael Herbik (hereinafter collectively referred to as the "Medical Defendants"), and Dr. Dennis J. Phillips, a physician who by virtue of his contract with PHS saw Plaintiff as a patient at Allegheny General Hospital.[2]

Defendant Phillips has filed the instant Motion to Dismiss, with brief in support, in which he seeks to have all claims made against him dismissed for failure to state a claim. (ECF Nos. 41 and 45). Plaintiff has filed a brief in opposition (ECF No. 46), Defendant Phillips has filed a Reply Brief (ECF No. 51), and Plaintiff has filed a Sur-Reply Brief (ECF No. 53).

B.     Standard of Review

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1]   Private Health Services is a private firm, hired by the PA Department of Corrections to administer its prison medical services.

[2]   The DOC Defendants have filed an Answer (ECF No. 28) and the Medical Defendants filed a Motion to Dismiss, which by Memorandum Order of August 27, 2013, 2013 WL 4523616 (W.D. Pa. Aug. 27, 2013) was granted in part and denied in part, resulting in the claims against Dr. Mollura and PHS remaining, but the claims against Dr. Herbik being dismissed.

2

(2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary

judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

A court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

In addition, in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted the provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), i.e., without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e. In this regard, the PLRA amended section 1997(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to

5

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 5). In addition, his claims concern prison conditions. Thus, Plaintiff's allegations must be reviewed in accordance with the directives of the PLRA.

C.  Background

According to the Complaint, on August 1, 2011, as Plaintiff was returning from the commissary and was halfway up a second flight of stairs, his "left knee gave out [and] Plaintiff went down fast and hard . . . landing hard on the landing between the first and second flight." Complaint at ¶ 74. Four days later, on August 5, 2011, Plaintiff was evaluated by Defendant Phillips at Allegheny General Hospital, who diagnosed Plaintiff as suffering from hyperextension of the knee and recurvatum. *Id.* at ¶¶ 80-81 and Exhibit "L." At that time, Dr. Phillips recommended a better knee brace and aggressive physical therapy. *Id.* at ¶ 81 and Exhibit "L."

The second and last time Plaintiff was examined by Defendant Phillips was approximately four (4) months later on December 2, 2011. According to the Complaint, Dr. Phillips told Plaintiff "that his left knee requires surgery but that it is a borderline case in that he (Dr. Phillips) is unsure as to whether Plaintiff would benefit from a knee replacement or from a ligament repair / replacement. . . ." *Id.* at ¶ 117. Defendant Phillips told Plaintiff that "he would schedule Plaintiff to be examined by another specialist (Dr. Akhavan)." *Id.* at ¶ 118. After this examination, Defendant Phillips had no further involvement with Plaintiff's medical care.

6

The Complaint asserts only one claim against Defendant Phillips, *to wit*:

> 199. Plaintiff avers that Dr. Dennis Phillips (orthopedic specialist), who is under contract with PHS to provide orthopedic services to Pennsylvania state prison inmates in the western region of Pennsylvania, violated Plaintiff's Eighth Amendment rights under the United States Constitution by way of deliberate indifference to his serious medical needs, i.e., Dr. Phillips, despite his acknowledgment from the medical evidence at his disposal that the left knee of Plaintiff requires surgical repair, has failed to perform the surgery to repair the extensive injuries (See Exhibits "D", "L", and "W") in Plaintiff's left knee and instead left Plaintiff in unnecessary and wanton infliction of pain; and the delay / denial of adequate medical treatment has caused Plaintiff to long-endure severe pain and further damage to his left knee and deterioration (atrophying) throughout his entire lower left extremity. Moreover, Plaintiff now has to rely on a wheelchair. Plaintiff avers that the cheaper, easier and less efficacious treatment of a seemingly unending series of knee braces, given the medical evidence in this case, is a far cry from minimally accepted professional judgment, practice or standards.

Complaint, at ¶ 199.

Defendant Phillips has filed the instant Motion to Dismiss in which he argues that the Complaint fails to state an Eighth Amendment claim against him because (a) he is not a state actor and (b) there are insufficient allegations of deliberate indifference to support § 1983 liability against him. Further, Defendant Phillips contends that Plaintiff's claim is actually a claim for medical professional negligence, subject to Pennsylvania's Certificate of Merit requirement, and should be dismissed because Plaintiff has failed to file the mandated Certificate of Merit.

The matter has been fully briefed and is ripe for resolution. For the reasons that follow, it is recommended that the Motion to Dismiss filed by Defendant Phillips be granted.

D. Discussion

1. Eighth Amendment Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-331 (1986).

Defendant Phillips asserts that he is not a "state actor" because he is a private physician who saw Plaintiff as a patient at Allegheny General Hospital pursuant to a contract with PHS and had no direct contract with any state entity. Plaintiff responds that "the issue of whether a private physician's actions were sufficiently intertwined with the state's duty to provide adequate care to inmates may not be resolved on a motion to dismiss, but rather demands development of a factual record outside the pleadings." Resp. at 6 (ECF No. 46).

As the court aptly noted in *Leaphart,*

> [W]hile a few cases have held that a private physician treating an inmate outside of a jail is not a state actor; *see, e.g., Sykes v. McPhillips*, 412 F. Supp.2d 197 (N.D.N.Y. 2006), *Nunez v. Horn,* 72 F. Supp.2d 24 (N.D.N.Y. 1999), the more broadly accepted view is that a private doctor who accepts a medical referral of an inmate's care from his jailers also accepts the state's constitutional responsibilities to provide adequate care to that inmate and is, therefore, a state actor with respect to medical issues relating to that prisoner. (citations omitted).

8

*Leaphart v. Prison Health Services*, No. 3:10-cv-1019, 2010 WL 5391315, at *11 (M.D. Pa. Nov. 22, 2010).[3] Therefore, for purposes of this case only, the Court finds that Defendant Phillips should be considered a state actor. However, that does not end the inquiry as the Court must next examine whether the factual allegations of the Complaint are sufficient to state a prima facie deliberate indifference claim.

It is well-established that in order for a prisoner to establish a constitutional violation on the basis of being provided inadequate medical care, he must demonstrate: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. [citation omitted]. A medical need is also serious where the denial of treatment would result in the 'unnecessary and wanton infliction of pain,' [citation omitted], or 'a life-long handicap or permanent loss.' " *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003).

A prison official displays deliberate indifference when he (1) knows of a prisoner's need for medical treatment yet refuses to administer it; (2) delays medically necessary treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *Moriarty v. de LaSalle*, No. 12–3013, 2012 WL 5199211 at *5 (D.N.J. Oct.19, 2012)

---

[3] It is clear that private physicians who are contracted to provide health care services inside prison walls will be considered "state actors." *West v. Adkins*, 487 U.S. 42 (1998) (extending § 1983 liability to private physicians who contract to provide medical services inside prisons.) Dr. Phillips, however, did not see Plaintiff inside the prison walls, but rather examined him outside the prison walls, at Allegheny General Hospital.

9

(citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Stated another way, the inquiry is whether the defendant in question displayed an "obduracy and wantonness" that demonstrates a recklessness or a conscious disregard of a serious risk to the prisoner's health and safety. *See Rouse,* 182 F.3d at 197 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986) and *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). Demonstrating mere negligence or even professional malpractice does not on its own amount to deliberate indifference that would sustain an Eighth Amendment claim. *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004).

Simply stated, Plaintiff's factual allegations do not support an Eighth Amendment deliberate indifference claim against Defendant Phillips. Plaintiff does not allege that he was denied medical care by Defendant Phillips, but rather argues that

> Dr. Phillips is liable because he was responsible for Plaintiff's orthopedic treatment. Dr. Phillips' decision to abandon the surgical treatment that he knew was necessary amounts to more than just professional negligence. Dr. Phillips had an affirmative duty to continue the treatment plan that he understood was required in this case. By failing to choose which type of surgery would most benefit Plaintiff and follow through with it, Dr. Phillips violated Plaintiff's Eighth Amendment rights.

Resp. at 7 (ECF No. 46).

The Complaint reflects that after Plaintiff's first examination, Dr. Phillips recommended a better brace and aggressive physical therapy. (Compliant at ¶ 81 and Exhibit "L".) When Dr. Phillips next saw Plaintiff four months later, he explained that the case was borderline and allegedly recommended referral to Dr. Akhavan for a second opinion regarding surgery. It appears that Plaintiff is simply unsatisfied with the care he received by Dr. Phillips. But "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v.*

*Napoleon,* 897 F.2d 103, 110 (3d Cir. 1990). For these reasons, the Court recommends granting Defendant Phillips' motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claim against him for failure to state claim upon which relief may be granted.

    2.    <u>State Medical Professional Negligence Claim</u>

Defendant Phillips also argues that Plaintiff's complaint, fairly construed, articulates a supplemental state law claim of professional medical negligence and, because Plaintiff has failed to comply with Pennsylvania Rule of Civil Procedure 1042.3, his state law claim should be dismissed. In response, Plaintiff specifically states that "this is <u>not</u> a federal question case that contains a supplemental state law negligence claim. <u>It is simply a 42 USC § 1983 case with no supplemental state law claims.</u>" Resp. at 9 (ECF No. 46) (emphasis added). The Court notes that Plaintiff is not seeking to amend his Complaint in order to add such a claim. Therefore, this portion of the motion to dismiss is moot.

Notwithstanding Plaintiff's representation, and assuming *arguendo* that Plaintiff was bringing a state law claim of medical professional negligence, in an abundance of caution, the Court will briefly address the issue of why his failure to comply with Rule 1042.3 is a bar to this state law claim.

Pennsylvania law requires that a Certificate of Merit ("COM") accompany a claim for professional liability brought against designated licensed professionals, including health care providers. *See* Pa R. Civ. P. 1042.3 and 1042.1(b). The United States Court of Appeals for the Third Circuit has held that Rule 1042.3 is substantive law under the *Erie* doctrine and must be

11

applied as such by federal courts. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258 (3d Cir. 2011).

This requirement of state law applies with equal force to counseled complaints, and to *pro se* medical malpractice actions brought under state law. *See Leaphart v. Prison Health Services*, No. 3:10-cv-1019, 2010 WL 5391315 (M.D. Pa. Nov. 22, 2010). Accordingly, Plaintiff must comply with the COM requirements in order to proceed with his medical professional negligence claim against Defendant Phillips.

However, while Plaintiff's failure to comply with Rule 1042.3 requires dismissal of this malpractice claim, the sanction imposed under state law for violation of this rule, entry of a non pros by the prothonotary, has no precise analogue in the federal courts.[4] Courts have stated that the federal equivalent of such a procedure is a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). To affect a similar result, federal courts choose to dismiss the professional liability claims without prejudice if the plaintiff can demonstrate good cause for the delay in filing. *See Rogan v. County of Lawrence*, No. 12-1375, 2013 WL 4511316, at *5 (W.D. Pa. Aug. 23, 2013) (citing *Perez v. Griffin,* 304 F. App'x 72, 74 (3d Cir. 2008)).

Accordingly, to the extent that Plaintiff's claim against Defendant Phillips could be interpreted as a state law medical professional negligence claim, the motion to dismiss should be granted for failure to comply with Rule 1042.3.

---

[4] The Court notes that Defendant Phillips contemporaneously filed with his Motion to

E.  Futility

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

For the reasons discussed *supra*, the Court will not grant Plaintiff leave to amend as it would be futile.

III.  **CONCLUSION**

For all the foregoing reasons, it is recommended that the Motion to Dismiss filed by the Defendant Dennis J. Phillips, M.D., be granted. It is further recommended that amendment would be futile and the claim against Dr. Phillips should be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until **September 20, 2013**, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

---

Dismiss, a Notice of Intent to Enter Judgment of Non Pros (ECF No. 40).

Dated: September 3, 2013

cc: JOSEPH WAREHAM
AF-5939
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

Mary Lynch Friedline
Office of Attorney General
Email: mfriedline@attorneygeneral.gov

J. Eric Barchiesi
Eisenberg & Torisky
Email: eric.barchiesi@aig.com

Christopher E. Ballod
Marshall Dennehey Warner Coleman & Goggin
Email: ceballod@mdwcg.com

Steven J. Forry
Marshall, Dennehey, Warner, Coleman & Goggin
Email: SJForry@mdwcg.com