# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WAREHAM, | ) |
| Plaintiff, | ) Civil Action No. 2:13-cv-0188 |
| v. | ) United States Court Judge |
| | ) Arthur J. Schwab |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Presently pending is Plaintiff's "Emergency Motion for Medical Treatment After Release from Incarceration" (ECF No. 77), and the Response in opposition filed by Defendant, the Pennsylvania Department of Corrections (ECF No. 78). After careful consideration, the Emergency Motion will be denied.

### Background

Plaintiff initiated this action on February 5, 2013, while he was a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). Plaintiff claims that Defendants denied him certain accommodations and adequate medical care while he was incarcerated at SCI-Greensburg in 2011 and, thereafter, upon his transfer to SCI-Fayette. The named Defendants were involved in his medical care and/or custody.

Plaintiff has completed his sentence and was released from custody by the DOC on November 2, 2013. He now resides in Florida. There is no dispute that upon Plaintiff's release

1

the DOC issued him a thirty (30) day supply of medication.  Plaintiff has also informed the Court that he  has applied for Social Security disability benefits, which includes medical coverage to obtain the "long delayed necessary surgical repairs(s) to his left knee and probably for the herniated disc in his back . . . ."  Mot. at 3. Plaintiff asks the Court to require Defendants to provide him with back and /or knee surgery even though he has completed his sentence and has been released from DOC custody.

### Standard of Review

The Court will construe Plaintiff's motion, which seeks emergency injunctive relief, as a motion filed under Rule 65 of the Federal Rules of Civil Procedure.  *Pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards.  As the United States Court of Appeals for the Third Circuit has explained:

> Four factors govern a district court's decision whether to issue a preliminary injunction:  (1)  whether the movant has shown a reasonable probability of success on the merits; (2)  whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo*, 16 F.3d 1363 (3d Cir. 1994) (quoting *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985)).

A preliminary injunction is not granted as a matter of right.  *Kerschner v. Mazurkewicz*, 670 F.2d 440, 443 (3d Cir. 1982).  It is an extraordinary remedy.  Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party.  As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction

2

must be the only way of protecting the plaintiff from harm.'" *Emile v. SCI-Pittsburgh*, No. 94-974, 2006 WL 2773261 at *6 (W.D. Pa. Sept. 24, 2006) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)). Thus, when considering such requests, courts are cautioned that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that 'an [i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.' *Plain Dealer Publishing Co. v. Cleveland Typographical Union #53*, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that 'upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

*Emile*, 2006 Wl 2773261, at *6.

Accordingly, for Plaintiff to sustain his burden of proof that he is entitled to a preliminary injunction under Federal Rule of Civil Procedure 65, he must demonstrate both a reasonable likelihood of success on the merits and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998). If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate <u>both</u> a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis added).

3

**Discussion**

While the Court does not in any way diminish Plaintiff's complaints and concerns, a review of the motion for preliminary injunction leads the Court to conclude that Plaintiff has not made the demanding showing required by Rule 65 for this extraordinary relief. At the outset, the Court finds that Plaintiff has not yet met his threshold obligation of showing reasonable probability of success on the merits.

The essence of Plaintiff's argument is that Defendants' constitutional obligation to provide medical care to inmates extends even after the inmates are released from custody. Plaintiff asks the Court to require Defendants to provide him with back and /or knee surgery even though he has completed his sentence and has been released from DOC custody. Plaintiff does not cite, nor has the Court found through its own independent research, any Third Circuit or United States Supreme precedent which establishes such a duty to provide medical care to an inmate after he is released.

To support his position, Plaintiff relies upon the decision of the United States Court of Appeals for the Ninth Circuit in *Wakefield v. Thompson*, 177 F.3d 1160, 1164 (9th Cir. 1999). In that case, the court of appeals was concerned with the period immediately following the inmate's release - the "transitional period" - during which an inmate may not, because of his recent restriction on liberty, instantly acquire the ability to obtain medical care on his own upon release. The appellate court held that "[a] state's failure to provide <u>medication</u> sufficient to cover this transitional period amounts to an abdication of its responsibility to provide medical care to those, who by reason of their incarceration, are unable to provide for their own medical needs."

*Wakefield*, 177 F.3d at 1164 (emphasis added). Such a mandate to cover this "transitional period" immediately following release, even if applicable in this circuit, could likely not extend to Plaintiff's case.

Plaintiff, by his own admission, was given a thirty day supply of prescription pain medication, which covered his needs during the "transitional period" addressed by *Wakefield.* The relief sought in the instant motion closely parallels the claims made by Plaintiff in his Complaint. The need for surgery remains very much in dispute in this case. Indeed, whether knee surgery was necessary is at the very heart of Plaintiff's Eighth Amendment claim against the Medical Defendants.

The Court finds that Plaintiff has not shown a substantial likelihood of success on the merits of his claims warranting a preliminary injunction in this case. Accordingly, Plaintiff's motion for an injunction ordering Defendants to arrange for surgical repair of his left knee and back should be denied.

## CONCLUSION

For all the foregoing reasons, the Motion for Preliminary Injunction filed by Plaintiff is **DENIED**.

**SO ORDERED** this 17th day of December, 2013**.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: JOSEPH WAREHAM

108 James Avenue
Interlachen, FL 32148-4104

Mary Lynch Friedline
Office of Attorney General
Email: mfriedline@attorneygeneral.gov

J. Eric Barchiesi
Eisenberg & Torisky
Email: eric.barchiesi@aig.com