IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WAREHAM, | ) |
|     Plaintiff, | ) Civil Action No. 2: 13-cv-00188 |
| v. | ) District Judge Arthur J. Schwab |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | ) Magistrate Judge Cynthia Reed Eddy |
|     Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons set forth below, it is respectfully submitted that the Motion for Summary Judgment (ECF No. 88) filed by Defendants Dr. Joseph Mollura and Prison Health Services be granted.

**II.    REPORT**

    A.  <u>Relevant Procedural and Factual History</u>

The Court adopts herein by reference the relevant procedural and factual history which is set forth in detail in the Report and Recommendation which has been filed contemporaneously herewith (ECF No.101).

Defendants Dr. Joseph Mollura and Prison Health Services ("PHS") (collectively referred to as the Medical Defendants) have filed the instant Motion for Summary Judgment, with brief in support (ECF Nos. 88 and 89). Plaintiff has filed a Brief in Opposition to Medical Defendants' motion for summary Judgment (ECF 100). The issues have been fully briefed and the factual record has also been thoroughly developed. *See* ECF Nos. 87-1, 89, 99. The motion is ripe for

disposition. For the reasons set forth below, it is recommended that the Motion for Summary Judgment be granted.

B.  Plaintiff's treatment with Defendant Mollura and PHS

For time period relevant to this suit, Plaintiff was repeatedly treated by Defendant Mollura. The record is permeated with meetings, prescriptions and notes by and from Defendant Mollura. (ECF Nos. 6, 87-1, 90, 100). Defendant Mollura prescribed several knee braces, corticosteroid injections, pain-relieving tablets, anti-inflammatory capsules, and various other medications, as well as physical therapy. (ECF Nos. 6, and 87-1).

Plaintiff alleges that on June 30, 2010, Defendant Mollura informed Plaintiff that a request had been made to see an orthopedic surgeon, but that the appointment may not occur for several weeks or even months. (ECF No. 6 ¶ 24). Plaintiff further alleges that Defendant Mollura re-issued his referral to see an orthopedic specialist on October 14, 2010, and then again on December 29, 2010. (ECF No. 6 ¶¶ 37 and 41). Indeed, Defendant Mollura "wrote consult for Orthopedist" on June 25, October 14, and December 28. (ECF No. 87-1, pages 12-13). Defendant Mollura's consult for Orthopedist request of October was put on hold pending the outcome of some prescribed physical therapy. (ECF no. 87-1, page 13).

On February 2, 2011, Plaintiff had a consultation with an orthopedic specialist, Dr. Snell. (ECF No. 6 ¶¶ 49-52; ECF No. 87-1 page 14). The parties disagree as to whether Dr. Snell prescribed a specific regimen of physical therapy. (*Compare* ECF No. 6 ¶ 56; *with* ECF No. 87-1 page 14). During the remainder of Plaintiff's time at SCI-Greensburg, he continued to meet with and be treated by Defendant Mollura on a regular basis. (ECF Nos. 6, 87-1, 90, 100).

C.  Standard of Review for Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Live Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e. depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. *See also* Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 381 F. App'x 211, 213 (3d Cir. 2010) (quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005)).

When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The Court must consider the evidence, and all

3

reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Batsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). *See also* El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

D. Discussion and Analysis

Plaintiff's constitutional claims are brought pursuant to 42 U.S.C. § 1983, specifically Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Section 1983, provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

The Supreme Court of the United States has held that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271 (1994). See also Baker, 443 U.S. at 140; Graham v. Connor, 490 U.S. 386, 394 (1989).

To state a claim under § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986).

To establish personal liability against a defendant in a section 1983 action, that defendant must have *personal* involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207.

The Eighth Amendment, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

The Court of Appeals for the Third Circuit has stated that:

> In Estelle, the Supreme Court held that the Eighth Amendment proscribes deliberate indifference to prisoners' serious medical needs. In order to establish a violation of [a prisoner's] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.

Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Estelle v. Gamble, 429 U.S. 97, 103-04 (1976 (other citation omitted). The Court of Appeals has further stated that:

> the concept of a serious medical need, as developed in Estelle, has two components, one relating to the obviousness of those consequences. The [prisoner's] condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition

5

must be "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."

Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting Monmouth Country Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (MCCII)).

A prison official acts with deliberate indifference to a prisoner's medical needs only if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Court of Appeals has held that:

> The Estelle "deliberate indifference to serious medical needs" standard is clearly met when a doctor is "intentionally inflicting pain on [a] prisoner[ ]." In MCCII, we identified several other scenarios that satisfy Estelle. Most relevant to this case are (1) "[w]here prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,'" MCCII, 834 F.2d at 346 (quoting Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976)), and (2) "where 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care,'" Id. (quoting Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)) (alterations in original).

Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990)). "Mere disagreements as to the proper medical treatment [do *not*] support a claim of an eighth amendment violation." MCCII, 834 F.2d at 346 (emphasis added). "Allegations of medical malpractice are not sufficient to establish a constitutional violation." Spruill, 372 F.3d at 235 (citations omitted).

Plaintiff claims that the Medical Defendants violated his Eighth Amendment rights in two ways: (1) by failing to transfer him to a different prison facility that did not require inmates to climb stairs, and (2) by failing to arrange for him to receive important physical therapy and consultations with orthopedic specialists. (ECF No. 6 ¶¶ 190, 192 and 193). These issues will be analyzed in turn.

a. Eighth Amendment Claims for failure to transfer

Plaintiff alleges that Defendant Mollura violated Plaintiff's Eighth Amendment rights by failing to have him "transferred, as Plaintiff had requested, to an institution that did not require all inmates to climb stairs." (ECF No. 6 ¶ 190).

Plaintiff and Defendant Mollura disagree as to whether Defendant Mollura had the authority to fulfill Plaintiff's request for a facility transfer. (*Compare* ECF No. 6 ¶ 190; *with* ECF No. 89 page 12). However, drawing all reasonable inferences in the light most favorable to the non-moving party, as this Court must do when considering a Motion for Summary Judgment, Plaintiff's claim fails. Batsushita, 475 U.S. at 587. Even if Defendant Mollura had the authority to transfer Plaintiff to another facility, his failure to do so does not rise to a constitutional violation.

Inmates do not have an inherent Eighth Amendment right to choose the facility of their confinement. Rivera v. Federal BOP, 197 F. App'x 169 (3d Cir. 2006) (holding that an inmate does not have the right to a prison that is closest to his mother's residence). A failure to transfer, therefore, only violates the Eighth Amendment when that failure rises to the level of "posing a substantial risk of serious harm." Prison officials must also have been aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw that inference." Malles v. Lehigh Co., 639 F.Supp.2d 566, 579 (E.D. Pa. 2009) (citing Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997)).

Though the record indicates that Plaintiff advised Defendant Mollura as to the discomfort he experienced as a result of traversing the stairs at SCI Greensburg, (ECF No. 6 ¶ 190), and that Defendant Mollura was on notice as to the interference which the stairways were creating with Plaintiff's meals and services, there is no evidence in the summary judgment that Defendant

7

Mollura drew the inference that Plaintiff was at a substantial risk of serious harm. Hamilton, 117 F.3d at 746. On the contrary, despite Plaintiff's complaints of the difficulties associated with the stairs, prison officials and medical personnel had "noted that Mr. Wareham was ambulating with a steady gate using his cane." (ECF No. 85 page 8). Plaintiff's claim therefore fails to meet the requirements for deliberate indifference.

    b. Eighth Amendment Claims for failure to provide adequate medical services

    i. PHS

PHS is a private corporation that entered into a contract with the Pennsylvania Department of Corrections to provide medical services to inmates. Plaintiff claims that PHS has a custom, policy, or practice which leads to providing inmates with ineffective medical treatment and delaying access to specialist, even though recommended by medical doctors. To wit, Defendant Mollura referred Plaintiff to an orthopedic specialist, but Plaintiff did not meet with a specialist for over seven (7) months. (ECF No. 6 ¶ 193).

A private corporation such as PHS may be held liable under section 1983 only if "it knew of and acquiesced in the deprivation of the plaintiff's rights." Roach v. SCI Graterford Med. Dep't., 398 F.Supp.2d 379, 388 (E.D.Pa. 2005); *see also* Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). To meet this burden, "the plaintiff must show that the corporation, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [plaintiff's] constitutional harm.'" Roach, 398 F.Supp.2d at 388 (quoting Stoneking v. Bradford area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)).

> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Natale, 318 F.3d at 584 (internal quotation marks and citations omitted). Plaintiff bears the burden of proving that a "policymaker" is responsible for either the policy or the custom that caused the alleged constitutional violation. *See* Id.

Plaintiff has failed to meet his burden, and the Court finds that no reasonable jury could conclude, based on the record, that PHS had such a violative policy. Despite the apparent delay between the initial referral to an orthopedist and the eventual meeting between Plaintiff and the orthopedist, the evidence in the summary judgment record indicates that the cause for delay was based on medical considerations for the Plaintiff. Defendant Mollura, when first issuing the referral, informed Plaintiff that the appointment would not be forthcoming immediately. (ECF No. 6 ¶ 24). Further, the record shows that the consultation was stayed pending the outcome of physical therapy. (ECF No. 87-1 page 214). Plaintiff has presented no further evidence to suggest that PHS was constructively deliberately indifferent to his needs. Thus, Plaintiff's claim fails as a matter of law.

ii. Defendant Mollura

Plaintiff's remaining Eighth Amendment claim against Defendant Mollura is based upon Defendant Mollura's alleged failure "to fill out the necessary paperwork (DC-472) for Plaintiff to receive the physical therapy recommended by Dr. Edward Snell." (ECF No. 6 ¶ 192). The parties disagree as to whether Dr. Snell prescribed a specific regimen of physical therapy. (*Compare* ECF No. 6 ¶ 56; *with* ECF No. 87-1 page 14). Construing the facts in the light most favorable to the Plaintiff, as this Court must for the purposes of this Motion for Summary Judgment, and assuming that Dr. Snell did advise that Plaintiff receive significant physical therapy, the record does not support a cognizable claim against Defendant Mollura.

In this case, Plaintiff, and, for the sake of argument, Dr. Snell, disagreed with Defendant Mollura's course of treatment for Plaintiff's medical problems. This difference of opinion does not support an Eighth Amendment claim. *See* White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990); Rochell v. Corr. Med. Servs., No. 4:05CV268, 2006 U.S. Dist. LEXIS 37943, at *10, 2006 WL 1422988 (N.D. Miss. April 10, 2006). Plaintiff is not constitutionally entitled to the treatment of his choice, and there is insufficient evidence in the record to suggest that Dr. Mollura's approach could not have been effective, particularly due to the concerns about the possible need for knee surgery. (ECF No. 6 ¶ 61). The Court finds that no reasonable jury could conclude that Defendant Mollura's course of treatment violated Plaintiff's constitutional rights.

III. CONCLUSION

For all of the foregoing reasons, it is recommended that the Motion for Summary Judgment filed by the Medical Defendants be granted.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until July 10, 2014 to file objections.

10

Failure to timely file objections will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 3011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

Dated: June 23, 2014

<u>s/ *Cynthia Reed Eddy*</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc:     JOSEPH WAREHAM
       108 James Avenue
       Interlachen, FL 32148-4104

       Mary Lynch Friedline
       Office of Attorney General
       Email: mfriedline@attorneygeneral.gov

       J. Eric Barchiesi
       Eisenberg & Torisky
       Email: eric.barchiesi@aig.com