IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WAREHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PENNSYLVANIA DEPARTMENT OF ) <br> CORRECTIONS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2:13-cv-0188 <br><br> United States Court Judge <br> Arthur J. Schwab |

**<u>Memorandum Order of Court</u>**

Plaintiff, appearing pro se (formerly a prisoner at the Pennsylvania Department of Corrections who has since been released), filed this lawsuit in February of 2013. Since that time, Plaintiff has engaged in extensive motions practice, with over 113 filings on the docket to date. On June 24, 2014, the Court set a Trial Date for September 15, 2014, and issued a Pre-Trial Order setting forth certain filing deadlines which commenced with the ordered filing deadline of Plaintiff's Witness List, on August 1, 2014. Doc. No. 103. Plaintiff's Exhibit List was due on August 5, 2014, Motions in Limine were due on August 6, 2014, and Proposed Jury Instructions and Verdict Slips are due today. Doc. No. 103. None of these documents have been filed by Plaintiff, despite him having close to a month and a half from the date of the Order to complete these filings.

As rehearsed, the trial date is set for September 15, 2014. Plaintiff, who is no longer incarcerated and lives in Interlachen, Florida, has wholly failed to comply with the Pretrial Order

1

and the deadlines for filings (listed above), which has placed the trial preparations of both Defendant, and the Court, at a great disadvantage - - so much so that Defendant has been unable to file its Pretrial documents in a complete fashion (see Motion to Stay at doc. no. 110). Therefore, based upon Plaintiff's failure to prosecute his claim, the Court issued a Rule to Show Cause returnable on August 18, 2014, and a hearing thereon for August 22, 2014, at which both parties were ordered to attend (which is also the date of the Pretrial Conference). Doc. No. 109.

Instead of filing a response to the Rule to Show Cause, which he was ordered to do, Plaintiff has filed the Instant Motion for a 60 day Postponement of the Pre-Trial Conference and Jury Trial Dates (doc. no. 113), and another Motion to Appoint Counsel (doc. no. 114).

In the Motion to Postpone, Plaintiff states, "kindly be informed that I was in an automobile accident on July 29, 2014 and find myself in a position where I must request a sixty (60) day postponement of the pre-trial conference and jury trial dates." Doc. No. 113. Plaintiff attaches no evidence such as an incident report, doctor's excuse, or the like, to support the veracity of this filing at such a late juncture.

Plaintiff, through the filing of this lawsuit, up until the present day, has engaged in aggressive motions practice with the presumed goal of bringing this case to trial. The Court, in denying the Motion for Summary Judgment of Defendant, is giving Plaintiff his day in Court, and set up an orderly process for the parties to try their case.

However, at this time, because Plaintiff has thus far failed to comply with filing deadlines set forth by the Pretrial Order, while simultaneously filing his own motions, the Court will deny Plaintiff's Motion for 60 day postponement. The current motions practice in which Plaintiff is engaged is costing Defendant time and resources, and it is not a wise use of judicial resources to continue the trial at this time. Moreover, the Court notes that arrangements have already been

made to have a jury pool assembled for the trial.  Finally, it is unfair to postpone the trial to the numerous (approximately seven (7) witnesses) set forth by Defendant who have been undoubtedly been in preparations for trial.

As for Plaintiff's (renewed) request for counsel (doc. no. 114), this motion will also be denied.  After applying the *Tabron v. Grace* factors in determining of whether to appoint counsel, the Court continues to find that counsel is not required in this case.  *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).  One factor that the Court must consider is whether the claim has some merit in fact and law.  The Court, in denying summary judgment on the remaining ADA claim, has ruled that this issue must go before a jury.  However, many of the other *Tabron* factors weigh against appointment of counsel, including that Plaintiff has aggressively and ably litigated this matter from the filing of the complaint until now.  Plaintiff is certainly adept at articulating himself when he so desires and is well above the average pro se litigant.  Additionally, and critically, Plaintiff is no longer confined and therefore Plaintiff could retain private counsel in this matter.  Finally, this claim under the ADA is a relatively discrete one with neither a complex factual history, nor does it involve an intricate area of the law that Plaintiff is required to prove. The Court has tried numerous other cases to verdict in pro se civil rights cases similar to this, wherein Plaintiffs represented themselves without difficulty and they were not at a legal disadvantage.

For all of these reasons, the Court hereby DENIES Plaintiff's Motion to Postpone the Pretrial and Trial Deadlines (doc. no. 113), and Plaintiff's Motion to Appoint Counsel (doc. no. 114).

**SO ORDERED** this 11th day of August, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Joseph Wareham
108 James Avenue
Interlachen, FL 32148-4104