IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JOSEPH WAREHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:13-cv-0188 |
| | ) | |
| v. | ) | United States Court Judge |
| | ) | Arthur J. Schwab |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |


**<u>Memorandum Order</u>**


This matter is scheduled for trial on September 15, 2014.  On August 22, 2014, at the

Pretrial/Show Cause Hearing, the Court personally went through each of the exhibits/witness

lists of the parties and asked for argument thereon regarding the parties positions on the

admissibility thereof.  The Court ruled on all but one exhibit proposed by Plaintiff, that being

Exhibit Number 7.  The admissibility of Exhibit Number 7 is the only remaining matter to be

resolved on the motions in limine.

Plaintiff's Exhibit Number 7 is a letter, dated August 6, 2011, that he purportedly sent to

a prison official describing an injury he allegedly sustained as a result of the fall he had on the

stairway on August 1, 2011, after the "cell-feed order," which is the subject of his Title II ADA

claim, was removed.   Defendant objects on the basis of relevance under Fed. R. Evid. 401 and

that the prejudicial value outweighs its probative effect under Fed. R. Evid. 403.  The Court finds

that since Plaintiff will likely argue that this injury occurred arguably as a result of the removal

of the cell-feed order, and therefore could tend to support Plaintiff's claim for ADA

discrimination, the Court finds this letter (but not the header page identifying the exhibit) to be

relevant evidence. Further, after conducting a balancing analysis, as required under Rule 403,

the Court does not find that the probative value of the evidence is substantially outweighed by

the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence. Accordingly, Plaintiff's Exhibit Number 7

will be admitted, and Defendant's objection (at doc. no. 124) is OVERRULED.

Finally, at the Show Cause Hearing/Pretrial Conference, after Plaintiff expressed some

concerns over the scope of this trial, the Court stated that it would reiterate in a subsequent Order

which claims are left in this case. By the Report and Recommendation of United States

Magistrate Judge Cynthia Reed Eddy, of 6/23/14 (doc. no. 101), it was recommended that all

claims of Plaintiff, with the sole exception of Title II claim for violation of the ADA, be

dismissed. So that there is no confusion, the text of the Report and Recommendation regarding

the ADA claim, is quoted as follows:

> Plaintiff brings a claim against the DOC for violation of his rights under Title II of
> the ADA. The ADA is applicable only to "public entities," such as state prisons.
> *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998);
> *United States v. Georgia*, 546 U.S. 151, 154 (2006). The ADA provides, in
> relevant part, that "no qualified individual with a disability shall, by reason of
> such disability, be excluded from participation in or be denied the benefits of the
> services, programs, or activities of a public entity, or be subjected to
> discrimination by any such entity." 42 U.S.C. § 12132.

> The Supreme Court of the United States has held that Title II of the ADA validly
> abrogates sovereign immunity as to state conduct that actually violates the
> Constitution. *United States v. Georgia*, 546 U.S. 151, 159 (2006). To state a valid
> ADA claim, a plaintiff must show that "(1) he is a qualified individual (2) with a
> disability, (3) he was excluded from participation in or denied the benefits of the
> services, programs, or activities of a public entity, or was subjected to
> discrimination by any such entity, (4) by reason of his disability." *Bowers v. Nat'l
> Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007).

> A disability, as defined by the ADA, is "a physical or mental impairment that
> substantially limits one or more major life activities of such individual; [or] a
> record of such an impairment." 42 U.S.C. § 12102(1). The ADA specifically

mentions "walking" as a "major life activity" for the purposes of the statute. § 12102(2)(A).

The summary judgment medical record evidence is permeated with evidence of a substantial impairment of Plaintiff's ability to walk, (see ECF Nos. 6, 85, 87-1, 96, 97). The Court finds, therefore, that a reasonable jury could find that Plaintiff has a disability as contemplated by the ADA.
Plaintiff alleges throughout his Complaint (ECF No. 6) that his ability to walk is significantly impeded by his disability. Defendants agree that Plaintiff's ambulation was significantly impaired (ECF No. 85, pages 3-10). The Court notes that although inclusion on the "Inmates with Disabilities List" does not mean, alone, that Plaintiff "met the legal criteria for 'disabled' under the ADA," both parties agree that his condition significantly limited a major life function: namely walking.

Next, Plaintiff must show that he was otherwise qualified to receive the benefits of the public services, programs, or activities. A qualified individual with a disability is "an individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131. Courts have construed "the benefits of a program or activity" to include the general rehabilitative and correctional services of state prisons, and have therefore required prisons to make "reasonable accommodations" for an inmate's physical disabilities in their day-to-day operations in order to comply with the mandates of the ADA. *Muhammad v. N.J. Dep't of Corr.*, 645 F. Supp. 2d 299, 314 (D.N.J. 2008) (denying a Department of Corrections motion for summary judgment because a reasonable jury could find that failure to provide a reasonable accommodation for an inmate with a disability may be a violation of the ADA).

**Plaintiff alleges in part, that as a result of the DOC's conduct, he was deprived of a number of meals, exercise, and recreation services to which he was entitled by virtue of his membership in the inmate population at SCI-Greensburg (ECF No. 6, ¶¶ 32, 36, 46, 69). The DOC does not deny that Plaintiff was entitled to meals, nor does it report any reason why he was not qualified to participate in other prison services, such as exercise and access to the yard.** The Court finds that a reasonable jury could find that Plaintiff is a "qualified individual" as contemplated by the ADA.

Third, Plaintiff must show that he was "excluded from participation in or denied the benefits of the services, programs, or activities of a public entity." *Bowers*, 475 F. 3d at 553 n. 32. Plaintiff alleges that he "missed meals in the chow hall and avoided going to the yard at times rather than suffering through the pain and difficulty of the stairways." (ECF No. 6 ¶ 32; ECF No. 97 page 4). "Plaintiff missed some meals he otherwise would have eaten. But the significant amount of additional times that he climbed up and down the stairways for meals soon rendered [him] . . . very weak." (ECF No. 6 ¶ 69). On a number of occasions, Plaintiff was placed on administrative "cell feed." (ECF No. 85 pages 5 and 7; ECF No. 6 ¶ 66). However, cell feed was repeatedly removed, on at least one occasion *because* Plaintiff walked in order to "complain about not receiving a tray

in his cell. . . . After that incident, the PA and Dr. Mollura discontinued the cell feed order." (ECF No. 85 page 8). Despite the DOC's suggestion that the cell feed removal decision was made in part because "[t]he RN Supervisor noted that Mr. Wareham was ambulating with a steady gate using his cane," the Court finds, based on the summary judgment record, that a reasonable jury could find that Plaintiff was either excluded from participation in or denied the benefits of certain services.

Finally, the Court finds that the summary judgment record is sufficient for a reasonable jury to find that Plaintiff was denied the benefits of services "by reason of his disability." *Bowers*, 475 F. 3d at 553 n. 32. As noted above, Plaintiff alleges that he "missed some meals and some yard-outs that he would have went to had it not been for the pain and difficulty he would have had to endure from the double flights of long and steep stairways." (ECF No. 97 page 4-5). Though the DOC placed Plaintiff on cell feed as an accommodation, Plaintiff was removed from cell feed on numerous occasions (ECF No. 6, ¶ 72, 67, 63; ECF No. 85 page 8). Plaintiff alleges that it was when cell feed was not administered that he missed meals and services (ECF No. 6 ¶ 69). A reasonable jury could conclude that cell feed is a reasonable modification or accommodation, and that the DOC, by failing to provide such reasonable accommodations, denied Plaintiff meals and other entitlements. *Muhammad v. N.J. Dep't of Corr*., 645 F. Supp. 2d 299, 314 (D.N.J. 2008) (denying a Department of Corrections motion for summary judgment because a reasonable jury could find that failure to provide a reasonable accommodation for an inmate with a disability may be a violation of the ADA).

A jury could further find that on at least a few occasions, the Plaintiff was *denied* the reasonable accommodation of "cell feed," and was therefore excluded from meals and other entitlements. On at least one occasion, revocation of cell feed was the direct result of Plaintiff being compelled to physically walk to the dietary in order to complain about not having his meal delivered (ECF No. 85 page 8). Mr. Mazurkiewicz, in an Appeal Response dated September 22, 2011, told Plaintiff that
You [Plaintiff] give every appearance of trying to place us into a 'no win situation' with your behavior and medical conditions. When we attempted to deliver your meals because of mobility, you insisted in walking to other parts of the institution and would complain about your medical status.
(ECF No. 87-1 Exhibit 9 page 202). Despite Mr. Mazurkiewicz's reasoning, a jury could still find that cell feed would have been a reasonable accommodation for Plaintiff, notwithstanding his trip to the dietary to make a complaint, or his traversing the stairs to gain access to the yard.
It's true that I sometimes go through the pain and difficulty of walking and climbing up and down the stairways to go to the yard and gym. But, unlike the cell feed cart that comes to the cell block anyway, there is no other way for me to go the yard or gym . . . I go to the gym for self physical therapy. I use the rowing machine and stationary bicycle for range of motion and to fend off the atrophy and to strengthen my lower extremity as best I can. (Plaintiff's letter to Dr. Mollura and Ms. Kwisnek, July 18, 2011. ECF No. 87-1 Exhibit 13, page 221).

> Failure to afford Plaintiff with a reasonable accommodation in order to provide
> him with meals is sufficient to state a claim under Title II of the ADA. *See
> Bowers*, 475 F.3d at 553. *See also*, *Henrietta D. v. Bloomberg*, 331 F.3d 261, 277
> (2d Cir. 2003) (finding that "obstacles to access . . . prevent[ing] [plaintiffs] from
> accessing public services insofar as the plaintiffs face challenges that make it
> impossible for them meaningfully to access services" is sufficient to state a claim
> under the ADA).
>
> For these reasons, the Court finds that Plaintiff has stated a valid ADA claim
> based on the record that is sufficient to survive a motion for summary judgment.

Doc. No. 101 (footnotes omitted) (emphasis added).

This Court, by Order of July 15, 2014, adopted the Report and Recommendation of

Magistrate Judge Eddy, hearing no objection thereto.   The Court finds that nothing in the Report and

Recommendation precludes Plaintiff from presenting other evidence of disability discrimination, in

addition to the removal of the cell-feed order.  This Court finds that Plaintiff may present other

evidence of disability discrimination as listed above, and as referenced during the Report and

Recommendation (not being permitted to go to the yard and gym by reason of his alleged disability).

The trial of this matter is, however, limited to Plaintiff's ADA claim under Title II against the DOC.


        **SO ORDERED** this 26th day of August, 2014.

        s/Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge


cc: All Registered ECF Counsel and Parties

    JOSEPH WAREHAM
    108 James Avenue
    Interlachen, FL 32148-4104