IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOSEPH WAREHAM, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:13-cv-0188 |
| | ) | |
| v. | ) | United States Court Judge |
| | ) | Arthur J. Schwab |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **Memorandum Order**

This matter is scheduled for trial on September 15, 2014. Currently pending before this Court is Plaintiff's Motion on Title II ADA (doc. no. 131) and Defendant's Response thereto (doc. no. 132). Plaintiff's current motion, filed on September 2, 2014, comes a few days after the August 29, 2014 Order (doc. no. 130) setting forth that Plaintiff may present other evidence regarding going to the yard or gym at SCI-Greensburg. It appears that Plaintiff had not yet received this Court's August 29, 2014 Order when he filed the instant motion.

In Plaintiff's current motion, he raises three (3) issues: (1) that he was denied recreational activities in violation of Title II of the ADA; (2) that he was denied his requests for a medical transfer and/or to use the elevator in violation of Title II of the ADA; and (3) that he fell down the stairs, causing him to sustain serious back injuries, also in violation of Title II of the ADA.

As for Plaintiff's first point, as previously noted, this Court, by Order of August 29, 2014 addressed this issue and ruled in Plaintiff's favor thereon, allowing Plaintiff to submit evidence

that he was denied other recreational opportunities. Also, as for Plaintiff's third point, by Order of August 29, 2014, the Court permitted evidence relating to his fall down the stairs (by allowing the introduction of Plaintiff's Exhibit 7). Therefore, the only remaining issue is (point two) whether Plaintiff may present evidence of denial of his request for medical transfer and/or to use the elevator in support of his alleged ADA claim.

The Court finds that Plaintiff's request for an elevator, if made to prisons officials, could be construed as a request for an accommodation, and it is for the jury to determine whether said request was a reasonable one by hearing Plaintiff's evidence thereon, and Defendant's counter-evidence. The Court will permit evidence on the Plaintiff's request for this accommodation.

The Court will not, however, permit the introduction of evidence surrounding Plaintiff's request for a medical transfer, relating to medical determinations made by other dismissed defendants, as claims related to the propriety of that transfer were previously dismissed by this Court on summary judgment. In the Report and Recommendation of United States Magistrate Judge Eddy (doc. no. 102), which the Court adopted as final (hearing no objections from Plaintiff), this claim was specifically discussed and dismissed, as follows:

> Plaintiff alleges that Defendant Mollura violated Plaintiff's Eighth Amendment rights by failing to have him "transferred, as Plaintiff had requested, to an institution that did not require all inmates to climb stairs." (ECF No. 6 ¶ 190). Plaintiff and Defendant Mollura disagree as to whether Defendant Mollura had the authority to fulfill Plaintiff's request for a facility transfer. (*Compare* ECF No. 6 ¶ 190; *with* ECF No. 89 page 12). However, drawing all reasonable inferences in the light most favorable to the non-moving party, as this Court must do when considering a Motion for Summary Judgment, Plaintiff's claim fails. *Batsushita*, 475 U.S. at 587. Even if Defendant Mollura had the authority to transfer Plaintiff to another facility, his failure to do so does not rise to a constitutional violation. Inmates do not have an inherent Eighth Amendment right to choose the facility of their confinement. *Rivera v. Federal BOP*, 197 F. App'x 169 (3d Cir. 2006) (holding that an inmate does not have the right to a prison that is closest to his mother's residence). A failure to transfer, therefore, only violates the Eighth Amendment when that failure rises to the level of "posing a substantial risk of serious harm." Prison officials must also have been aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . .

must also draw that inference." *Malles v. Lehigh Co.,* 639 F.Supp.2d 566, 579 (E.D. Pa. 2009) (citing *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). Though the record indicates that Plaintiff advised Defendant Mollura as to the discomfort he experienced as a result of traversing the stairs at SCI Greensburg, (ECF No. 6 ¶ 190), and that Defendant Mollura was on notice as to the interference which the stairways were creating with Plaintiff's meals and services, there is no evidence in the summary judgment that Defendant Mollura drew the inference that Plaintiff was at a substantial risk of serious harm. Hamilton, 117 F.3d at 746. On the contrary, despite Plaintiff's complaints of the difficulties associated with the stairs, prison officials and medical personnel had "noted that Mr. Wareham was ambulating with a steady gate using his cane." (ECF No. 85 page 8). Plaintiff's claim therefore fails to meet the requirements for deliberate indifference.

As noted by Defendant in its responsive brief, there is ample case law supporting the finding that requests for certain levels of confinement based upon medical conditions are medical decisions premised upon medical determination and do not fall within the scope of the ADA. *Basemore v. Vihlidal*, et al, 2014 WL 640256 *14 (W.D. Pa.), *Isley v. Beard*, 200 Fed. Appx. 137, 142 (3d Cir. 2006), *Fitzgerald v. Corr. Corp of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005), *Thomas v. Pa. Dept of Corr.*, 615 F.Supp.2d 411, 429 (W.D. Pa. 2009)(request for handicap cell was denied based upon medical determination and did not support discriminatory treatment under the ADA).

To allow introduction of evidence about Plaintiff's request for a medical transfer and the attendant medical decisions related thereto would complicate the issues, and confuse the jury, and this evidence is not relevant to whether Plaintiff was subjected to disability discrimination under Title II because these are medical decisions that are not covered under the ADA. See, *Stratton v. Steve*, 2014 WL 3210131, *12 (W.D. Pa.) (denial of housing request does not equate with denying "benefits" under the ADA).

For these reasons, Plaintiff's Motion on Title II ADA Claim is granted in part and denied in part.

**SO ORDERED** this 5th day of September, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

JOSEPH WAREHAM
108 James Avenue
Interlachen, FL 32148-4104