IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOSEPH WAREHAM, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil Action No. 2:13-cv-0188 |
| v. | ) ) ) | United States Court Judge Arthur J. Schwab |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Defendant. | ) ) | |

## Memorandum Order Dismissing Case with Prejudice for Failure to Prosecute

On this date, September 15, 2014, the morning of the trial of this matter, which was scheduled by this Court on June 24, 2014 (doc. no. 103). Plaintiff informed the Court that he was in Florida and would not be present for trial. The Court and the parties have fully prepared this case for trial, including conducting a lengthy pretrial conference of this matter, and ruling on numerous trial related documents, and having assembled approximately 22 jurors who were waiting in the jury office for possible empanelment. The Court became aware, for the first time, at approximately 9:00 a.m., in open Court in a telephone call from Plaintiff, that he was unable to attend the trial of this matter on the alleged basis that he is a convicted sex offender and is not permitted to travel without prior authorization from his home in Florida.

On the record today, in open Court, this Court addressed Plaintiff's belated oral request to postpone the matter, after hearing from Defendant, who moved simultaneously to dismiss this action with prejudice for failure to prosecute.

1

The Court will not recount all of the reasons for its decision to grant the motion to dismiss for failure to prosecute, and for denying Plaintiff's request to postpone the matter, and will instead refer to and incorporate the transcript of the hearing for a full explanation thereof. The Court, however, notes that failing to appear at a trial is a quintessential example of a failure to prosecute. *See Torres v. B.T. Robinson*, 1:11-cv-161 (W.D. Pa. McVerry, J.)(doc. no. 53). The Court, having conducted an application of six (6) factors set forth under *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)), found on the record, and continues to find, that a dismissal with prejudice for failure to prosecute is warranted.[1]

After setting forth on the record the extent of Plaintiff's personal responsibility for not attending the trial, the prejudice to Defendant and its witnesses for the failure to attend the trial, the inconsideration to the jury pool, the costs to the jury office who assembled the jury pool, and the lack of good faith of Plaintiff in failing to appear despite having given no notice of such at any time prior to this date (after having over 90 days notice of the trial which would have afforded Plaintiff plenty of opportunity to seek and obtain consent to travel), and the relative unlikelihood of success on the merits, the Court finds that all of these factors weigh heavily in favor of dismissal. Additionally, the Court notes that given his *pro se* and IFP status, the effectiveness of sanctions other than dismissal (additional monetary sanctions) would bear little fruit, and that Plaintiff has evidenced a history of dilatoriness which caused this Court to be required to issue a Rule to Show Cause why this case should not be dismissed for failure to prosecute on August 4, 2014 (doc. no. 109).

On the issue of Plaintiff's personal responsibility and also lack of good faith in failing to appear today, the Court notes that Plaintiff attended the show cause/pretrial conference of this

---

[1] The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary caused by the failure; (3) whether the party displayed a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) whether the claim has merit.

matter on August 22, 2014, and up until this date of jury selection and trial of this matter, Plaintiff has never advised the Court of any scheduling conflict related to his status as a sex offender, or his alleged inability to travel on the basis thereof. Had Plaintiff requested this Court to provide him with official documentation establishing his need to travel outside of the state of Florida, if he in fact was required to provide such documentation, the Court would have done so. Plaintiff has filed documents as late as Friday, September 12, 2014, and never once advised the Court at any time that he was unable to attend this trial. It was not reasonable for Plaintiff to allegedly appear at his local probation office on the day of his flight, or on Saturday, September 13, 2014 and expect the probation officer to approve his last minute request to travel. Plaintiff had the Pretrial Order in his possession for approximately 90 days in this matter, and could easily have provided timely notice of the Pretrial Order to the local probation office, and hasfailed to do so.

As previously noted by the Court, it is wholly unfair to the Defendant who subpoenaed several witnesses on Plaintiff's behalf, and to the assembled jury pool, to allow a continuance at this very belated date. The Court, as noted in doc. no. 115, has given Plaintiff his day in Court, one he has chosen to not attend. He has wasted judicial resources.

After application of the *Poulis* factors, all of which weigh heavily in favor of dismissal with prejudice, and for the reasons set forth on the record, the Court therefore dismisses this case with prejudice for failure to prosecute under Fed. R. Cir. P. 41(b).

It is further Ordered that the costs of procuring the attendance of prospective jurors are hereby assessed against Plaintiff in the amount of $1,731.90.

**SO ORDERED** this 15th day of September, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

    JOSEPH WAREHAM (via first class mail)
    108 James Avenue
    Interlachen, FL 32148-4104