IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WAREHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PENNSYLVANIA DEPARTMENT OF ) <br> CORRECTIONS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2:13-cv-0188 <br><br> United States Court Judge <br> Arthur J. Schwab |

**Memorandum Opinion on Motion(s) for Reconsideration**

**I.   Introduction/Procedural History**

*Pro se* Plaintiff, Joseph Wareham, is a former inmate under the custody of the Pennsylvania Department of Corrections (Defendant), and has brought numerous claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act for alleged violations of his civil rights. This case was commenced on February 5, 2013, against numerous defendants, for myriad claims including deliberate indifference to his medical needs. A portion of Plaintiff's claims survived a motion to dismiss (claims against former Defendant Dr. Herbik and Dr. Phillips were dismissed, but claims against Dr. Mollura and Prison Health Services were permitted to proceed). See Doc. No. 47 and 59. At the motion for summary judgment stage of the proceedings, all claims were dismissed, with the exception of the ADA claim against the remaining Defendant, Pennsylvania Department of Corrections. See Doc. Nos. 102, 105 and 106.

Even prior to final rulings on the motions for summary judgment (after the Report and Recommendation of United States Magistrate Judge Eddy was filed), this Court scheduled the

1

trial of this matter. Doc. No. 103. The Court entered a detailed Pretrial Order on June 24, 2014, setting the trial of this matter to commence on September 15, 2014. (Plaintiff had approximately 87 days' notice of the trial date). However, because Plaintiff failed to comply with several of the Pretrial deadlines set forth therein, on August 4, 2014, the Court issued a Rule to Show Cause why the case should not be dismissed for failure to prosecute. The Court ordered Plaintiff to attend the combined Show Cause/Pretrial Hearing scheduled for August 22, 2014. Doc. No. 109. Because Plaintiff filed his Pretrial documents, and attended the Pretrial Conference/Show Cause Hearing, the Court and the parties diligently proceeded with trial preparations and the Court (informally) dissolved the Show Cause proceedings. At least in part due to Plaintiff's competence in making legal arguments, Plaintiff obtained numerous favorable pretrial rulings.

Plaintiff, however, failed to attend the previously scheduled trial of this matter on Monday, September 15, 2014, and instead placed a telephone call to the Court advising that he was at his home in Florida due to issues which will be recounted hereinbelow. Following a hearing in open court, involving Plaintiff by telephone and defense counsel, while the prospective jurors were waiting in the jury assembly room (having been called in for jury selection in this case), upon Motion of Defendant, the Court denied Plaintiff's belated request for a continuance, and dismissed Plaintiff's case for failure to prosecute. The Court also assessed the costs of jury empanelment in the amount of $1,731.90 on Plaintiff.

Currently pending before this Court is Plaintiff's Motion(s) for Reconsideration of the Court's prior Order dismissing this case for failure to prosecute, with numerous supplements thereto (doc. nos. 140, 142, 145 and 148), and Defendant's (omnibus) Response in Opposition (doc. no. 149). Because the record on this issue has previously been developed by the Court, and the parties, the Court will start by reciting the full transcript of the September 15, 2014 hearing

related to the dismissal of Plaintiff's case (doc. no. 150), and will follow with a recitation of the full prior Memorandum Order (doc. no. 139) setting forth the *Poulis* factors in support of dismissal. Finally, the Court will address any new issues raised by Plaintiff in his Motion(s) for Reconsideration.

The full transcript of the September 15, 2014 hearing is as follows:

(8:50 a.m; in open court, defense counsel present;
Plaintiff present via phone:)

THE COURT: Good morning. This is the time and place that's been set for the trial in Civil No. 13-0188, Wareham versus Pennsylvania Department of Corrections. There are 23 jurors or 22 jurors that have assembled today to try this case. They're waiting for me to call them up in the jury assembly room. Defense counsel is here. Ma'am, you may enter your appearance.

MS. KOZLOWSKI: May it please the Court, Your Honor, Sandra Kozlowski on behalf of the Commonwealth of Pennsylvania.

THE COURT: Mr. Wareham, where are you?

MR. WAREHAM: Yes, sir. Yes, Your Honor?

THE COURT: Where are you?

MR. WAREHAM: I am in Florida, sir. I have boarding flight passes, and I have them in front of me, and I have proof that I have reservations for Motel 6 in Pittsburgh; but again, I'm truly sorry, but I must request a Po[st]ponement because I live in Florida where I am a registered sex offender for a 1974 crime.
As a registered sex offender, it is a third-degree felony if I do not report in person to the sex offender registry Detective division at the Putnam County sheriff's office if I leave the state of Florida. That is, I must notify them in person of what date I will be leaving and what date I'll be returning and what place I'll be staying at during that time.

THE COURT: And have you done so?

3

MR. WAREHAM: On Friday afternoon [prior to Monday trial] after I secured air flight tickets and being able to secure a room at Motel 6 on Banksville Road in Pittsburgh for my mother and I, I called sex offender registry Detectives Jackie Abel and Angela King both and received only recordings. So I left the above-mentioned information on their recordings; and since the paperwork says I have to report in person, I stopped on our way to the airport on Saturday morning only to learn that division is closed on Saturday.
I called other detectives in a frantic search to get approval, but none of them had the authority nor means by which to contact these detectives, Jackie Abel and/or Detective Angela King, to get it approved. I therefore had to cancel the trip and ask for a postponement or get charged with a third-degree felony.
And it is my hope and prayer that this Honorable Court will grant me a postponement of any length, as I am prepared to go to trial. I still have the air flight tickets and proof that we rented the room at Motel 6 on Banksville Road, which I can FAX to you. And I had left recordings on both Detective Jackie Abel and Detective Angela King's phones if you want verification from that.
But like I said, I can FAX you the proof that I have air flight tickets and a room scheduled from the 13th to the 19th at Motel 6. I mean the only thing is I thought the Detective agency was available seven days a week. And when I stopped on my way to the airport, they were closed. And I frantically tried to get other detectives, you know, to approve it, but they didn't have the authority, nor did they have the means by which to contact Detectives Jackie Abel nor Angela King, Detective Angela King to get it approved.
Again, it's my prayer that you'll grant me a postponement of any length because I am prepared to go to trial.

THE COURT: And you've been aware of this date and time for this trial for over ninety days since this trial was scheduled at this time, this place, this date on June 23, 2014; correct?

MR. WAREHAM: Yes, sir. And that is correct.

THE COURT: And you were able to come up here for the pretrial conference on August 22, 2014; correct?

MR. WAREHAM: Right. I forget on what date that was on, but yes, I was able to report in person to the agency, you know, that I was leaving. And you know --

THE COURT: On behalf of the Defendant, ma'am, I can't remember whether you've entered your appearance. Would you do so if you haven't?

MS. KOZLOWSKI: Yes, Your Honor. May it please the Court, Sandra Kozlowski on behalf of the Commonwealth of Pennsylvania.

THE COURT: And your response to this motion for continuance by the Plaintiff?

MS. KOZLOWSKI: Your Honor, we ask that you not grant this motion. Specifically we ask that you dismiss this case with prejudice.
Mr. Wareham has been aware, as the Court pointed out, since June 23 of 2014, when this Honorable Court entered the Order scheduling the trial date. He is aware of his sex offender status. He also knows the requirements that he had to undertake in order to travel. He apparently did so when he came up here for the pretrial conference that was held in front of this Court.
So he had ample time to have his trip approved, and I ask this Court to dismiss this case with prejudice for a number of reasons. The first is that the defense would be prejudiced by a postponement at this late date. I know that I have one witness that is scheduled -- that has actually since retired from the Department of Corrections. She has made special arrangements to be here. She has a trip planned for vacation. She just recently retired.
So it may be difficult for me to obtain a witness in the future. I don't know what her plans are with regard to her retirement.
Additionally, I have subpoenaed all of the other witnesses and made them available for Mr. Wareham. And we have incurred considerable expense. We have provided for Mr. Wareham -- we created all of the binders, the exhibit binders for the jury and for the witnesses.

THE COURT: And you're pointing to approximately ten notebooks, about eight inches thick each, that you prepared to hand out to each of the jurors today; is that correct?

5

MS. KOZLOWSKI: That's correct, Your Honor.

THE COURT: You may continue, ma'am.

MS. KOZLOWSKI: And because of the preparing and making sure the witnesses are here, we had also subpoenaed Dr. Mollura to be here as well. He is here on his own time, the expense that was required to bring him here. I don't know whether or not he would be available at a date in the future.
And for all of those reasons, Your Honor, we would ask that because Plaintiff had ample notice of this trial date, that he should have undertaken the necessary steps to get this trip approved well in advance of last week.
He knew from June 23 of 2014 that this was a date certain. Additionally, he knew as of August 22, 2014, when we were here for a three-hour pretrial conference, that this was a date certain.
And I understand he's asking the Court to grant him this postponement, but we believe that he should be held accountable, just like any other lawyer would be, and was aware well in advance of notice of this trial date. And we ask you to dismiss this case with prejudice.

THE COURT: Okay. Having heard argument from both the Plaintiff and from defense counsel and it being approximately 9:05 the morning of the trial, which was scheduled by this Court over 90 days ago on June 23, 2014, the Court will deny Plaintiff's motion to continue and will grant Defendant's motion to dismiss the case with prejudice. This Court has spent the last several weeks, including over the weekend, with the law clerk preparing for this trial. We have conducted a pretrial conference of great length in this case on or about August 22, 2014. We've made numerous rulings on the motions in limine filed by the Defendant and other pretrial filings.
I now have approximately 22 to 23 jurors waiting down in the jury assembly room who have left their family and their jobs and whatever they were going to do today to be physically here. So we have 22 to 23 people who have been inconvenienced by the Plaintiff who are sitting down there, who I need to now go down and apologize to for bringing them in for a trial that is not going to occur here.
The Court is now for the first time hearing that the Plaintiff will be unable to be here today because of his

allegedly being a sex offender and needing permission to
travel. That issue was never raised to this Court at the
pretrial conference, was never raised by any prior pleading
in this case. It's a matter that we certainly could have
talked through.
Obviously the Plaintiff was able to do whatever was
necessary to get up here from Florida to Pittsburgh for the
pretrial conference on August 22, 2014.
I am not surprised of the unavailability over the
weekend of whoever the Plaintiff wanted to talk to.
Obviously he had 90 days in order to work this matter out
with the probation officer in Florida.
The Plaintiff also has never requested the Court
intervene on his behalf in any form to try to get an official
court document to help him get permission to travel if, in
fact, that was necessary. And as late as last Friday,
September 12, 2014, the Plaintiff was filing documents and
never advised the Court last Friday or before that he would
be unable to attend this trial.
I could have stopped the jurors coming in as late
as Friday, but obviously it's too late to stop them from
coming in.
It's totally unfair to the Defendant, who has
assembled witnesses, several at the request of the Plaintiff;
in other words, defense counsel has tried to help, as the
Court has, the Plaintiff get ready for this trial. The
defense counsel has arranged to have witnesses here that the
Plaintiff requested, and then the Plaintiff doesn't show up.
It's obviously unfair to the Court and the Court
staff because we have been preparing diligently for this
hearing. Obviously it's too late for us to try another case
this day. So he's wasted judicial resources. He's wasted
judicial time in addition to the impact he's had upon the
Defendant and Defendant's witness and on our citizens who are
waiting down at the jury assembly office.
So I will dismiss this case with prejudice for
failure to prosecute.
Quite frankly, sir, most people would not have
given you this trial. They would have dismissed this case
long ago. I out of an abundance of caution told you I would
give you a trial, but you have not even given the jurors and
me and my staff and defense counsel and staff the courtesy of
being here after you had this opportunity to try your case.
In addition, Plaintiff will also be required to pay
the cost of assembling the jury for this matter, and I will
enter an order assessing those costs as soon as I receive the

accurate dollar number from the jury administrator sometime today.
That concludes this matter, and this hearing is now concluded.

MR. WAREHAM: Your Honor?

THE COURT: Yes, sir?

MR. WAREHAM: I did everything I could. I thought that the Detective agency was open on Saturday. All week long I thought they would be open. I had tickets here. I have a room, proof of room, proof of tickets, which I could FAX you. I mean I did everything. I certainly wanted this trial. I did everything. I subpoenaed my witness.

THE COURT: Sir, I've ruled in the matter. If you're dissatisfied with the ruling, then you can take the matter to the United States Court of Appeals for the Third Circuit. Have a great day, sir. Thank you.
(Proceedings were concluded at 9:11 a.m.)

Doc. No. 150.

Upon conclusion of the hearing, that same day, September 15, 2014, this Court then issued the following Memorandum Order applying the *Poulis* factors and dismissing Plaintiff's case for failure to prosecute. The text of the Memorandum Order is as follows:

> On this date, September 15, 2014, the morning of the trial of this matter, which was scheduled by this Court on June 24, 2014 (doc. no. 103). Plaintiff informed the Court that he was in Florida and would not be present for trial. The Court and the parties have fully prepared this case for trial, including conducting a lengthy pretrial conference of this matter, and ruling on numerous trial related documents, and having assembled approximately 22 jurors who were waiting in the jury office for possible empanelment. The Court became aware, for the first time, at approximately 9:00 a.m., in open Court in a telephone call from Plaintiff, that he was unable to attend the trial of this matter on the alleged basis that he is a convicted sex offender and is not permitted to travel without prior authorization from his home in Florida.
>
> On the record today, in open Court, this Court addressed Plaintiff's belated oral request to postpone the matter, after hearing from Defendant, who moved simultaneously to dismiss this action with prejudice for failure to prosecute.

8

The Court will not recount all of the reasons for its decision to grant the motion to dismiss for failure to prosecute, and for denying Plaintiff's request to postpone the matter, and will instead refer to and incorporate the transcript of the hearing for a full explanation thereof. The Court, however, notes that failing to appear at a trial is a quintessential example of a failure to prosecute. *See Torres v. B.T. Robinson*, 1:11-cv-161 (W.D. Pa. McVerry, J.)(doc. no. 53). The Court, having conducted an application of six (6) factors set forth under *Poulis v. State Farm Fire and Cas. Co*., 747 F.2d 863, 868 (3d Cir. 1984)), found on the record, and continues to find, that a dismissal with prejudice for failure to prosecute is warranted.[1]

After setting forth on the record the extent of Plaintiff's personal responsibility for not attending the trial, the prejudice to Defendant and its witnesses for the failure to attend the trial, the inconsideration to the jury pool, the costs to the jury office who assembled the jury pool, and the lack of good faith of Plaintiff in failing to appear despite having given no notice of such at any time prior to this date (after having over 90 days notice of the trial which would have afforded Plaintiff plenty of opportunity to seek and obtain consent to travel), and the relative unlikelihood of success on the merits, the Court finds that all of these factors weigh heavily in favor of dismissal. Additionally, the Court notes that given his *pro se* and IFP status, the effectiveness of sanctions other than dismissal (additional monetary sanctions) would bear little fruit, and that Plaintiff has evidenced a history of dilatoriness which caused this Court to be required to issue a Rule to Show Cause why this case should not be dismissed for failure to prosecute on August 4, 2014 (doc. no. 109).

On the issue of Plaintiff's personal responsibility and also lack of good faith in failing to appear today, the Court notes that Plaintiff attended the show cause/pretrial conference of this matter on August 22, 2014, and up until this date of jury selection and trial of this matter, Plaintiff has never advised the Court of any scheduling conflict related to his status as a sex offender, or his alleged inability to travel on the basis thereof. Had Plaintiff requested this Court to provide him with official documentation establishing his need to travel outside of the state of Florida, if he in fact was required to provide such documentation, the Court would have done so. Plaintiff has filed documents as late as Friday, September 12, 2014, and never once advised the Court at any time that he was unable to attend this trial. It was not reasonable for Plaintiff to allegedly appear at his local probation office on the day of his flight, or on Saturday, September 13, 2014 and expect the probation officer to approve his last minute request to travel. Plaintiff had the Pretrial Order in his possession for approximately 90 days in this matter, and could easily have provided timely

---

[1] The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary caused by the failure; (3) whether the party displayed a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) whether the claim has merit.

notice of the Pretrial Order to the local probation office, and has failed to do so.

As previously noted by the Court, it is wholly unfair to the Defendant who subpoenaed several witnesses on Plaintiff's behalf, and to the assembled jury pool, to allow a continuance at this very belated date. The Court, as noted in doc. no. 115, has given Plaintiff his day in Court, one he has chosen to not attend. He has wasted judicial resources.

After application of the *Poulis* factors, all of which weigh heavily in favor of dismissal with prejudice, and for the reasons set forth on the record, the Court therefore dismisses this case with prejudice for failure to prosecute under Fed. R. Cir. P. 41(b).

It is further Ordered that the costs of procuring the attendance of prospective jurors are hereby assessed against Plaintiff in the amount of $1,731.90.

Doc. No. 139.

## II. Plaintiff's Motion(s) for Reconsideration

Now, in Plaintiff's current Motion(s) to Reconsider, and several reiterations of the same (which incidentally he filed without seeking leave of Court, thereby requiring Defendant undoubtedly to take the additional time and expense of having to respond to each new Motion/Supplement), he submits the following argument overarching theme: Plaintiff is a layperson who struggled to have his day in Court and the Court should excuse his failure to attend the long ago scheduled trial of this matter on the basis that it was merely a "misunderstanding." In support of his position that it was merely a "misunderstanding," Plaintiff asserts and attaches the following:

 (a) Plaintiff went to some effort to subpoena a witness, Dr. Mollura (and paid $80).
 (b) Plaintiff attached his airline boarding pass of September 13, 2014. (Exhibit "C"), and,
 (c) Plaintiff attached a copy of a reservation for himself and his mother to stay at Motel 6 on Banksville Road during the trial of this matter. (Exhibit "D").

In Plaintiff's subsequent Motion(s) to Reconsider, he contends:

(a) Plaintiff seeks that the Order setting sanctions in the amount of $1,731.90 be vacated, and
(b) Plaintiff disagrees with the Court's findings as to the *Poulis* factors.

### III. <u>Additional Discussion of *Poulis* Factors</u>

The Court has already addressed, at length, the six (6) *Poulis* factors in the Prior Memorandum Order and in open Court and incorporates (by above recitation) those rulings into this Opinion. The Court will not again, for a third time, recount a full explanation of the application of all of the six (6) *Poulis* factors. Instead, since Plaintiff's filings focus on the idea that his non-appearance was an excusable "misunderstanding," the Court will highlight again the extent of Plaintiff's personal responsibility, and the Court's logical view that the conduct was done willfully, and for the purpose of furthering another strategic mission of Plaintiff, other than the trial of this matter. The Court will however address Plaintiff's request that the Court set aside the monetary sanction of $1,731.90, and will do so.

#### A. **Lack of Good Faith/Personal Responsibility – *Poulis* Factors One (1) and Four (4)**

As rehearsed, Plaintiff submits that his failure to attend the trial of this matter, was a mere "misunderstanding," and does not reflect a willful failure to prosecute his case. This Court cannot reasonably conclude that Plaintiff was acting in good faith. Rather, Plaintiff's purported justification for failing to attend the trial was a strategic and intentional decision to avoid his trial (for reasons unknown to the Court), while simultaneously continuing to engage in heavy motions practice before the Court.

Regardless of whether Plaintiff secured a plane ticket, a Motel 6 reservation, or subpoenaed one witness, it is not credible, and defies logic, that Plaintiff had a good faith intention to attend the trial of this matter. Rather, the only rational inference of his purported

conduct in waiting until the Friday afternoon and weekend prior to the scheduled jury trial (and after the close of business), to secure permission to travel from the Probation Office in Putnam County, Florida, is that he did not want to attend the trial.

While Plaintiff is now attempting to portray himself as a person of limited intellectual means (and with reduced cognitive abilities due to his use of pain medications for injuries), the Court finds that Plaintiff evinces the exact opposite. In his legal papers, and oral positions before the Court, he has evidenced a *true* ability to handle complicated legal issues, and his research and writing have been far better than the average pro se litigant. The Court would venture to state his filings to-date place him in the upper-echelon of skilled *pro se* self-representation. The Court cannot accept Plaintiff's position that he had a true intent to be present at trial; instead, the Court finds that Plaintiff, who is an adept litigant, made a strategic decision not to be.

Had Plaintiff endeavored, in good faith, to be present at the trial of this matter, *logically*, any or all of the following would have occurred: (1) he would have secured permission from the appropriate individuals at the Probation Office in Putnam County, at some time *other than* upon or after the close of business on the weekend before the trial, rather, in the weeks and months prior to September 15, 2014; (2) he would have advised the Probation Office in Putnam County, Florida, on the same date he sought permission to attend the Pretrial Conference of this matter, and sought permission at that time; and, (3) he would have contacted this Court for help or guidance in the days immediately prior to the proceedings of the trial of this matter, or at a minimum, he would have made the Court aware of the issue at the Pretrial Conference. Plaintiff did none of the above.

B.   **Prejudice to Defendant/Unavailability of Lesser Sanctions –** *Poulis* **Factors Two (2) and Five (5)**

It would be unfair and prejudicial to Defendant to require it to again prepare for a trial and to subpoena potentially unavailable witnesses (after already going to great lengths to subpoena witnesses and to diligently prepare for the trial of this matter, including one key witness who is already retired).  Also, as Defendant notes, and this Court agrees, the fact that none of the witnesses were deposed in this case means that there is no preserved testimony for use at trial.  It would be a miscarriage of justice to allow this waste of judicial resources.

Defendant emphasizes the case of *Link v. Wabash Railroad Company*, 370 U.S. 626 (1962), in which Plaintiff's counsel failed to appear at a pretrial conference, and the Court dismissed the case for failure to appear under Fed. R. Civ. Pr. 41(b).  The United States Supreme Court affirmed the District Court's dismissal, and unlike this case, it was the attorney, not the party himself, who failed to appear.

C.   **Assessment of Cost of Jurors**

Plaintiff seeks (and dogmatically moves this Court) to excuse and countenance his flagrant disregard of the time and great expense that Defendant has expended in preparing for trial, not to mention the expenditure of the already scarce judicial resources of the Court, and primarily the expenditure by this Court of the significant costs of securing a jury.  Those costs amounted to $1,731.90.  This is real money which the taxpayers of this nation must absorb.  It would be unfair to allow Plaintiff another crack at the apple after having already wasted scarce judicial resources.

Nonetheless, in his Motion(s) to Reconsider, Plaintiff seeks this Court to reverse and set aside the assessment of costs in the amount of $1,731.90 against him.  After careful consideration of Plaintiff's request, and Defendant's concession thereto in its responsive brief

(on the proposition that an assessment requires notice and an opportunity to respond), the Court will exercise its discretion to void the assessment of the cost of jury selection at this time. The Court will not, however, reopen this case or withdraw its decision to dismiss this case for failure to prosecute.

## IV.     Conclusion

While the Court is keenly aware that dismissal of a case is an extreme sanction, not be taken lightly, *Poulis*, 747 F.2d at 870, the Court found (and continues to find) that the history of this case warrants such a result. After a measured weighing, and reweighing of the *Poulis* factors, the Court is left with no other reasonable alternative. Accordingly, the Motion(s) to Reconsider will be denied (except to the extent of the assessment of costs which will be vacated). An appropriate Order follows.

**SO ORDERED** this 21st day of October, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties